31 C.C.P.A.(Patents)

**In re LINCOLN et al.**

**Patent Appeals No. 4917.**

Court of Customs and Patent Appeals.
June 26, 1944.

Thomas E. Scofield, of Kansas City, Mo., for appellants.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and JACKSON, Associate Judges.

BLAND, Associate Judge.

Appellants have here appealed from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 13 to 17, inclusive, of appellants' application for a patent for alleged improvements in sulphur containing lubricants.

Modern internal combustion engines employ cadmium and copper-lead mixtures in bearings, taking the place of the old tin-babbitt type. This new material improves the wearing quality of the bearings, but such bearings are more susceptible to corrosion than the old ones. Oxidation and corrosion are prevented by the use in motor lubricants of an addition agent known as an inhibitor.

The instant application teaches the use of a relatively pure olefin treated with a sulphur compound. The then sulphurized olefin is added to the lubricant in quantities of from .05 to 20 per cent.

Claim 15 is illustrative of the subject matter involved in claims 13 to 15, inclusive, and reads as follows: "15. A lubricant comprising in combination a major proportion of a hydrocarbon oil and a minor proportion of an addition agent composed essentially of a sulphurized olefin derived from petroleum wax of 10 to 60 carbon atoms by halogenation, dehalogenation and sulphurization, said sulphurization being effected by a sulphur compound."

Claims 16 and 17 are more specific in that they name particular sulphur compounds. In claim 16 the compound is sulphur monochloride, and in claim 17 it is phosphorous penta sulphide.

The following references were relied upon: Wasson 2,108,954 Feb. 22, 1938; Chittick 2,142,998 Jan. 10, 1939; Lincoln et al. 2,218,132 Oct. 15, 1940.

Claims 13 to 15, inclusive, were rejected by the examiner upon appellants' prior patent No. 2,218,132 in view of each of the patents to Wasson and Chittick, the prior patent containing a disclosure of everything involved in the appealed claims, except that it teaches the use of elemental sulphur as a sulphurizing agent, whereas the claims at bar either call broadly for a sulphur compound or, as in claims 16 and 17, specifically named sulphur compounds.

Claims 16 and 17 were rejected by the examiner as "lacking invention over the subject matter covered by the claims of applicants' prior patent in view of the patents to Wasson and Chittick, respectively." Wasson discloses sulphur monochloride and

Chittick discloses phosphorous pentasulfide as sulfurizing agents for compounds to be added to lubricating oils.

The Board of Appeals, in affirming the examiner's rejection, stated, "it appears to us to be immaterial from what source the olefin may be obtained." Notwithstanding the fact that Wasson's product, according to the contentions of appellants, was an intermediate product, as it was later steamed in the presence of alkali so as to remove at least a part of the chlorine introduced with the sulphur in the sulphurizing step, it was the view of the board that the appealed claims were not inventive over Wasson alone. The board also agreed with the examiner that the claims were unpatentable over appellants' prior patent in view of Wasson. It made no reference to the Chittick patent. The board held, in substance, that the patent and the instant application did not cover two inventions, and that it was proper, under the practice set forth in the decision of In re Isherwood, 46 App.D.C. 507, 1917 C.D. 226, to reject the claims of a continuing application, such as the one at bar, upon what appellants have already received in the way of a patent monopoly. It pointed out that the "present case differs from the patent merely in a detail which is shown to be old in the patent to Wasson" (Wasson teaching the use of sulfur monochloride for his sulphurizing treatment).

Appellants in this court argue at length that a new and useful result is obtained by the use of a sulphur compound instead of elemental sulphur as a treating agent. They contend that the presence of the non-sulphur element in the molecule is responsible for the improved results (Wasson has a residue of chlorine), and that this could not have been foreseen; that the use of a sulphur monochloride or a phosphorous pentasulphide increases the film strength of the lubricant much more than an olefin treated with elemental sulphur. Regardless of whether or not this is true—and we may assume that it is—the use of sulphur compounds was clearly suggested by the prior art cited and relied upon, and it would not be inventive over what appellants already had been granted in the way of a patent to add to their process of making the lubricants, a material which was old in the art and which, after all, supplied the sulphur need, the importance of which was taught in appellants' patent.

We are in agreement with the position taken by the Solicitor for the Patent Office that to allow the appealed claims would result in double patenting. It is pointed out by the solicitor that there is nothing in the appealed claims which eliminates the steaming step in the Wasson patent.

The holding of the tribunal below is to the effect that it is immaterial by what process the olefin is made and that it is also immaterial, under the circumstances at bar, that appellants' olefin, prepared in accordance with the claims, differs from the prior olefin only in its degree of purity. On this latter phase of the case, the solicitor cites In re Merz, 97 F.2d 599, 25 C.C.P.A., Patents, 1314. There is nothing in the application at bar to show that there is any special or patentable coactive relationship between the specific way in which the olefin is prepared and the subsequent sulphurization.

The decision of the Board of Appeals is affirmed.

Affirmed.